UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DAVID PATTERSON, et al., | ) | CASE NO. 1:14 CV 1032 |
| | ) | |
| Plaintiffs, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| CITIMORTGAGE INC., et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On May 12, 2013,  *pro se* Plaintiffs David Patterson and Marva Patterson filed this *in forma pauperis* action under the Federal Truth in Lending Act, the Federal Real Estate Settlement Procedures Act, the Racketeering Influenced and Corrupt Organizations Act, and the Ohio RICO statute.  Plaintiffs simultaneously filed a Motion for Temporary Restraining Order to enjoin their eviction, scheduled for May 13, 2014, pursuant to a Cuyahoga County Court of Common Pleas judgment of foreclosure.  For the reasons stated below, the Motion for Temporary Restraining Order is denied and this action is dismissed.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if

it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

As an initial matter, this Court cannot vacate the Cuyahoga County Common Pleas Court judgment, nor enjoin the execution of the judgment. United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing a state court case is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *Chase Manhattan Mortg. Corp. v. Smith,* 507 F.3d 910, 915 (6th Cir. 2007); *Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (6th Cir. 1990); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

-2-

asserted in the state court proceeding.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002).  "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment."  *Catz*, 142 F.3d at 293.  The Rooker-Feldman doctrine applies when the party losing her case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as opposed to a general constitutional challenge to the state law applied  in the state action.  *Id.*

To the extent Plaintiffs claim there was not a proper legal basis for the foreclosure action in state court, they are directly attacking the state court's decision.  Any review of the federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings.  This Court lacks subject matter jurisdiction to conduct such a review or grant the relief  requested.  *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

To the extent Plaintiffs seek to litigate the foreclosure matter anew, they cannot proceed.  A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state.  28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002).  The preclusive effect of the previous state court judgment is therefore governed by Ohio law on preclusion.  *Id.*  Under Ohio law, an existing final judgment or decree is conclusive as to all claims which were or might have been litigated in the first lawsuit.  *National Amusement, Inc. v. Springdale*, 53 Ohio St. 3d 60, 62 (1990).  The doctrine of *res judicata* requires a plaintiff to

present every ground for relief, or forever be barred from asserting it.  *Id.*  The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources.  *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  The Ohio court has rendered its judgment, and this Court is bound to give full faith and credit to the decision of that court.  Plaintiffs are therefore barred by the doctrine of *res judicata* from litigating these questions again in federal court.

Accordingly, this action is dismissed.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan                       
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 5/13/14